ESTEVAN CERVANTES V. THE STATE.

No. 10504.   Delivered December 22, 1926.

**Theft—Evidence—Held Insufficient.**

Where appellant was charged with the theft of sixty-eight dresses and twenty-eight suits of men's clothing, from a building owned and conducted by Mr. and Mrs. Friedman, and on the trial the only criminative evidence adduced was the testimony of Mrs. Friedman that she saw a ring on the finger of appellant's wife that she recognized as having been in the store, this evidence can not be held sufficient to support the verdict, and the cause is reversed and remanded.

Appeal from the District Court of El Paso County.   Tried below before the Hon. W. D. Howe, Judge.

Appeal from a conviction of theft; penalty three years in the penitentiary.

The opinion states the case.

No brief filed for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

MORROW, PRESIDING JUDGE.—The offense is theft, punishment fixed at confinement in the penitentiary for a period of three years.

M. M. Friedman owned a store at a town in El Paso County called Fabens.   The business was conducted by Friedman, Mrs.

Friedman and her brother. The appellant was an employee in some capacity. On the evening of May 7th, Mr. and Mrs. Friedman and her brother went to the city of El Paso, where they remained until the following morning. The appellant resided in Fabens and remained there. The keys to the building were not in his possession but were in the hands of the owner and his assistants mentioned. During the night the store was entered and a number of articles removed therefrom, including sixty-eight dresses and twenty-eight suits of men's clothing. The entry was made through the back door of the building which had been fastened on the inside by a wooden bar. There was a piece of glass, thirty inches square, above the door, and this glass was broken and a hole about twelve by eighteen inches made in it. The officer who examined it testified that the bar he saw had nothing fastened to it which would prevent its removal from the outside through the broken window. The other doors in the building were locked.

Appellant was arrested immediately upon the arrival of Mr. and Mrs. Friedman and placed in jail. His premises were searched, but none of the property was found in his possession, nor was it found at all so far as the record shows.

Mrs. Friedman testified that she saw a ring upon the finger of the appellant's wife which she recognized as having come out of the building. The appellant's wife was placed under arrest at the time, and the ring was not introduced in evidence. The ring which she wore at the time of the arrest was on her finger at the time she testified on the trial. The ring had no peculiarities by which it might have been identified. Mrs. Friedman said that there were a number of rings in the showcase and that she recognized this ring as one of them. However, the state failed to introduce the ring in evidence, and Mrs. Friedman stated that there were no marks by which it could be identified. It seems that a finger-print expert examined the premises, but his testimony was not adduced.

Appellant presented an alibi, but aside from that, the evidence is not deemed of sufficient cogency to warrant a conviction.

The suggestion from the evidence that the building was opened from the inside is apparently at variance with the evidence adduced. Moreover, the appellant did not have the keys, but they were in possession of others. He was acquainted with the manner in which the back door was fastened, but the evidence indicates that there were others who had the same information.

In overruling the motion for a new trial, we are of the opinion that the learned trial judge fell into error.

State's counsel before this court concedes that the evidence does not warrant a conviction.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*